

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone:    (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUDGE OETKEN

JUDGE OETKEN

# 12 CV 4195

MARIO RAMIREZ, *individually and on behalf of others similarly situated,*

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff,

-against-

MNY HOLDINGS ASSOCIATES, LLC.,
JOHN-N-JOHN 1152, LLC. (d/b/a BAKER
STREET PUB), JOHN TEEVAN and JOHN
DOE 2,

Defendants.

---------------------------------------------------X

Mario Ramirez ("Plaintiff Ramirez"), individually and on behalf of others similarly

situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge

and belief, and as against MNY Associates Holdings, LLC., John-N-John 1152, LLC. (d/b/a

Baker Street Pub and Restaurant) ("Defendant Corporations" or "Baker Street Pub"), John

Teevan and John Doe 2 (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff Ramirez is a former employee of Baker Street Pub, John Teevan and

John Doe 2.

2.      Defendants own, operate, and/or control a pub/restaurant located at 1152 1st

Avenue, New York, New York 10065 under the name Baker Street Pub.

3.     Plaintiff Ramirez is a former employee of Defendants.

4.     Plaintiff Ramirez was employed as a dishwasher and ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including sweeping and mopping, cleaning tables, windows, bathroom, kitchen and the bar, taking out the garbage and bringing up food and other items from the basement for the kitchen staff.

5.     Plaintiff Ramirez worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Ramirez appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiff Ramirez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.     Defendants employed and accounted for Plaintiff as a delivery worker in their payroll, but in actuality his duties required greater or equal time spent in non-delivery, non-tipped functions such as bringing up food and other items from the basement, sweeping and mopping, taking out the garbage and general cleaning.

9.     Regardless, at all times Defendants paid Plaintiff at the lowered tip-credit rate.

10.    However, under state law Defendants were not entitled to take a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146).

11.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff's actual duties in payroll records to avoid paying him at the minimum wage

2

rate, and to enable them to pay Plaintiff at the lower tip-credited rate by designating him as a delivery worker instead of as a non-tipped employee.

12.    For at least six years prior to the filing of this action and continuing to the present, Defendants have maintained a policy and practice of unlawfully appropriating Plaintiff's and other ostensibly delivery employees' tips and made unlawful deductions from Plaintiff's and other ostensibly delivery employees' wages.

13.    Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees.

14.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.    Plaintiff Ramirez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.    Plaintiff Ramirez seeks certification of this action as a collective action on behalf of himself, individually, and of all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Ramirez'' state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Ramirez was employed by Defendants in this district.

## THE PARTIES

### Plaintiff Mario Ramirez

19.     Mario Ramirez ("Plaintiff Ramirez" or "Ramirez") is an adult individual residing in Staten Island, New York. He was employed by Defendants from on or about December 2005 until approximately December 2008 and from February 2009 until January 1, 2011.

20.     Throughout his employment with Defendants, Plaintiff Ramirez was stationed at the Defendants' restaurant located at 1152 1st Avenue, New York, New York 10065.

21.     Plaintiff Ramirez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### The Defendants

22.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled a pub/restaurant located at 1152 1st Avenue, New York, New York 10065, under the name Baker Street Pub.

4

23.     Upon information and belief, MNY Associates Holdings, LLC., is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1152 1st Avenue, New York, NY 10065.

24.     Upon information and belief, John-N-John 1152, LLC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1152 1st Avenue, New York, NY 10065.

### Defendant John Teevan

25.     Defendant John Teevan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

26.     Defendant John Teevan  is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

27.     Upon information and belief, Defendant John Teevan possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

28.     Defendant John Teevan determined the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

### Defendant John Doe 2

29.     Defendant John Doe 2  is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

30.     Defendant John Doe 2  is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

31.     Upon information and belief, Defendant John Doe 2 possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

32.     Defendant John Doe 2 determined the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

33.     Defendants operate a pub/restaurant under the name "Baker Street Pub," located in the Upper East Side area of Manhattan.

34.     Upon information and belief, individual Defendants John Teevan  and John Doe 2 possess operational control over the Defendant Corporation; each possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.     Each Defendant possessed substantial control over Plaintiff Ramirez' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ramirez, and all similarly situated individuals, referred to herein.

6

37.     Defendants jointly employed Plaintiff Ramirez, and all similarly situated individuals, and are his (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 *et seq.* and the NYLL.

38.     In the alternative, the Defendants constitute a single employer of Plaintiff Ramirez and/or similarly situated individuals.

39.     Upon information and belief, Individual Defendant John Teevan operates Defendant Corporations as either an alter ego of himself, and/or fails to operate Defendant Corporation as entities legally separate and apart from himself, by, among other things:

    a.  failing to adhere to the corporate formalities necessary to operate the Defendant Corporations as separate and legally distinct entities ;

    b.  defectively forming or maintaining the Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c.  transferring assets and debts freely as between all Defendants;

    d.  operating the Defendant Corporations for his own benefit as the sole or majority shareholder;

    e.  operating the Defendant Corporations for his own benefit and maintaining control over them as closed corporations or closely held controlled entities;

    f.  intermingling assets and debts of his own with the Defendant Corporations;

    g.  diminishing and/or transferring assets to protect his own interests; and

    h.  other actions evincing a failure to adhere to the corporate form.

40.     Upon information and belief, Individual Defendant John Doe 2  operates the Defendant Corporations as either an alter ego of himself, and/or fails to operate the Defendant Corporations as entities   legally separate and apart from himself, by, among other things:

  a.   failing to adhere to the corporate formalities necessary to operate the Defendant Corporations as separate and legally distinct entities ;

  b.   defectively forming or maintaining the Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

  c.   transferring assets and debts freely as between all Defendants;

  d.   operating the Defendant Corporations for his own benefit as the sole or majority shareholder;

  e.   operating the Defendant Corporations for his own benefit and maintaining control over them as closed corporations or closely held controlled entities ;

  f.   intermingling assets and debts of his own with the Defendant Corporations;

  g.   diminishing and/or transferring assets to protect his own interests; and

  h.   other actions evincing a failure to adhere to the corporate form.

41.     At all relevant times, Defendants were Plaintiff Ramirez' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Ramirez, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for his services.

42.     In each year from 2006 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43.     In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at Baker Street Pub, such as meats and beverages, were produced outside the state of New York.

### Individual Plaintiff

44.     Plaintiff is a former employee of Defendants, who was employed as a dishwasher and ostensibly employed as a delivery worker, but had to do a variety of other tasks at the pub, including sweeping and mopping, cleaning tables, windows, baar, bathroom and the kitchen , taking out the garbage and bringing up food, sodas and other items from the basement,.

45.     Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Mario Ramirez

46.     Plaintiff Ramirez was employed by Defendants from on or about December 2005 until approximately December 2008, and from approximately February 2009 until January 1, 2011.

47.     Plaintiff Ramirez was employed as a dishwasher and ostensibly employed by Defendants as a delivery worker.

48.     However, throughout his employment, Plaintiff Ramirez spent over half of his workday performing non-delivery duties including sweeping and mopping, cleaning tables, windows, baar, bathroom and the kitchen , taking out the garbage and bringing up food, sodas and other items from the basement.

49.     Although he was hired and paid as a tipped delivery worker, Plaintiff Ramirez spent at least 4 hours of his work day doing non-delivery work.

9

50.     Plaintiff Ramirez regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

51.     Plaintiff Ramirez'' work duties required neither discretion nor independent judgment.

52.     Plaintiff Ramirez regularly worked in excess of 40 hours per week.

53.     From on or about May 2006 until January 1, 2011, Plaintiff Ramirez worked a schedule from 1:00 p.m. until 10:00 p.m on Mondays, from 2:00 p.m. to 2:00 a.m. on Wednesdays, from 4:00 p.m. to 2:00 a.m. on Thursdays, from 4:00 p.m. to 3:00 a.m on Fridays,from 4:00 p.m. to 3:30 a.m. on Saturdays and from 4:00 p.m to 1:00 a.m. on sundays ; in addition, twice a week he had to arrive two hours early (typically 66.5 hours per week).

54.     Throughout his employment with the Defendants, Plaintiff Ramirez was paid his wages in cash.

55.     From approximately May 2006 to January 2011, Plaintiff Ramirez was paid $6.50 per hour.

56.     Plaintiff Ramirez'' pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

57.     Plaintiff Ramirez was never notified by the Defendants that his tips would be included as an offset for wages.

58.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ramirez' wages.

59.     Defendants did not provide Mr. Ramirez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

60.    No notification, either in the form of posted notices, or other means, was given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

61.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramirez and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

62.    Defendants required Plaintiff to perform several non-delivery related tasks for over half of each work day, in addition to his primary role as delivery worker.  These responsibilities included everything from sweeping and mopping, cleaning tables, windows, bar, bathroom, and kitchen, taking out the garbage and bringing up food, sodas and other items from the basement.

63.    These extra responsibilities constituted a significant portion of Plaintiff's hours worked.

64.    Plaintiff was employed ostensibly as a delivery worker (tipped employee) by Defendants, although his actual duties included much greater time spent in non-delivery, non-tipped functions.

65.    Plaintiff was paid at the lowered tip-credited rate by Defendants, however, under state law Defendants were not entitled to a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

66.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day... in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under

11

federal regulation 29 C.F.R. § 531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

67.     Plaintiff's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated occupations with duties such as those outlined above.

68.     While performing these duties, Plaintiff did not receive tips; therefore, they constituted non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that Plaintiff worked in these roles.

69.     In violation of federal and state law as codified above, Defendants classified Plaintiff as a tipped employee and paid him at the tip-credited rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

70.     Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum and overtime wage rate.

71.     Plaintiff Ramirez has been a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

72.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

73.     At no time did Defendants inform Plaintiff Ramirez that they had reduced his hourly wage by a tip allowance.

74.     Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiff Ramirez with statutorily required wage and hour records or statements

of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Ramirez' relative lack of sophistication in wage and hour laws.

75.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

76.     Upon information and belief, this was done to disguise the actual number of hours Plaintiff Ramirez worked, and to avoid paying Plaintiff Ramirez properly for (1) his full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

77.     Defendants did not provide Plaintiff Ramirez with any document or other statement accurately accounting for his actual hours worked, and setting forth rate of minimum wage and overtime wage.

78.     Plaintiff Ramirez was paid his wages entirely in cash.

79.     Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

80.     Plaintiff Ramirez brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

81.     At all relevant times, Plaintiff Ramirez, and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions,

and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

82.     The claims of Plaintiff Ramirez stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

83.     Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

84.     At all times relevant to this action, Defendants were Plaintiff Ramirez' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

85.     Defendants had the power to hire and fire Plaintiff Ramirez (and the FLSA class members), control his terms and conditions of employment, and determine the rate and method of any compensation.

86.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

88.     Defendants failed to pay Plaintiff Ramirez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

14

89.     Defendants' failure to pay Plaintiff Ramirez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiff Ramirez (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

91.     Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants, in violation of the FLSA, failed to pay Plaintiff Ramirez (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

93.     Defendants' failure to pay Plaintiff Ramirez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff Ramirez (and the FLSA class members) was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

95.     Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiff Ramirez' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

97.     Defendants had the power to hire and fire Plaintiff Ramirez (and the FLSA class members), control his terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

98.     Defendants, in violation of the NYLL, paid Plaintiff Ramirez (and the FLSA class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

99.     Defendants' failure to pay Plaintiff Ramirez (and the FLSA class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

100.    Plaintiff Ramirez (and the FLSA class members) was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

101.    Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff Ramirez (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

103.    Defendants failed to pay Plaintiff Ramirez (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

104.    Defendants' failure to pay Plaintiff Ramirez (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

105.    Plaintiff Ramirez (and the FLSA class members) has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

106.    Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

107.    Defendants failed to pay Plaintiff Ramirez (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ramirez' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

108.    Defendants' failure to pay Plaintiff Ramirez (and the FLSA class members) an additional hour's pay for each day Plaintiff Ramirez' (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

109.    Plaintiff Ramirez (and the FLSA class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ramirez respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and

17

associated rules and regulations under, the FLSA as to Plaintiff Ramirez and the FLSA class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramirez and the FLSA class members;

(d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ramirez' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Ramirez and the FLSA class members;

(f)     Awarding Plaintiff Ramirez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Ramirez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramirez and the members of the FLSA Class;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramirez and the members of the

FLSA Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Ramirez and the members of the FLSA Class;

(k)     Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Ramirez' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Ramirez and the FLSA class members;

(m)     Awarding Plaintiff Ramirez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff Ramirez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Ramirez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Ramirez and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(q)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
        May 25, 2012

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.


                              By:    _____
                                             Michael Faillace

                                     60 East 42nd Street, Suite 2020
                                     New York, New York 10165
                                     Telephone: (212) 317-1200
                                     Facsimile: (212) 317-1620
                                     *Attorneys for Plaintiff*

20